**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5185**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ANTHONY LAMAR EVANS,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver, Jr.,
District Judge.  (2:99-cr-00126)

———————

Submitted: May 21, 2007              Decided: July 6, 2007

———————

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jane Moran, JANE MORAN LAW OFFICE, Williamson, West Virginia, for
Appellant.  Charles T. Miller, United States Attorney, John J.
Frail, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Lamar Evans was convicted by a jury of aiding and abetting the possession with intent to distribute cocaine base in violation of 18 U.S.C. § 2 (2000); 21 U.S.C. § 841(a)(1) (2000) and sentenced to 188 months in prison and three years of supervised release. On appeal, we affirmed Evans's conviction and sentence. See United States v. Evans, 102 F. App'x 836 (4th Cir. 2004) (unpublished). Evans subsequently moved to vacate his sentence under 28 U.S.C. § 2255 (2000), and the district court ordered that he be resentenced in accordance with United States v. Booker, 543 U.S. 220 (2005). At Evans's resentencing, the district court again sentenced him to 188 months in prison and three years of supervised release. On appeal, Evans contends the district court erred by sentencing him based on facts not found by the jury beyond a reasonable doubt, and his sentence at the low end of his advisory guideline range was unreasonable. We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a

sentence outside the range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A sentence within a properly calculated guideline range is presumptively reasonable. Id. at 457. In considering whether the sentence is reasonable, we review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

Based on its findings by a preponderance of the evidence, the district court concluded Evans was responsible for 340.2 grams of cocaine base, resulting in a base offense level of thirty-four under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(3) (2003), and that a two-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm should be applied. With a total offense level of thirty-six and criminal history category I, the advisory guideline range was 188 to 235 months. Evans does not challenge the facts underlying these calculations but argues the district court violated the Sixth Amendment by sentencing him based on facts not found by the jury beyond a reasonable doubt. We find no error. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).

Evans next contends his sentence is unreasonable, because it "disregards § 3553 factors regarding his age, prior criminal record, and the history of his case." We disagree. In sentencing Evans to the low end of his advisory guideline range, the district

court noted it considered not only the nature and circumstances of the offense but also Evans's history and characteristics. While the court found it regrettable that Evans would be subject to a sentence of such length considering his young age and relatively minor criminal history, the court reasonably concluded a sentence within the advisory range was appropriate in this case.

The court noted a sentence within the range reflected not only the seriousness of the offense but promoted respect for the law; provided just punishment for the offense; adequately deterred future criminal conduct; protected the public from future crimes; and allowed Evans to receive educational and vocational training. The court found there was no unwarranted sentencing disparity between Evans's sentence and that of his co-defendant, based on the co-defendant's substantial assistance to the Government. Taking into account all of the § 3553(a) factors, the court reasonably found Evans's age and criminal history did not justify a variance, but that a sentence at the low end of the range was appropriate.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -